UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| WALTER CARDIN, | ) | |
| | ) | Case Nos. 1:20-cv-82, 1:11-cr-93 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**ORDER**

Before the Court is Petitioner Walter Cardin's motion to vacate, set aside, or correct his sentenced filed pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:20-cv-82; Doc. 112 in Case No. 1:11-cr-93). For the following reasons, the Court will **DENY** Petitioner's motion.

I. BACKGROUND

After a ten-day trial, a jury found Petitioner guilty of eight counts of major fraud against the United States, in violation of 18 U.S.C. §§ 1031 and 2. (Doc. 48 in Case No. 1:11-cr-93.) District Judge Curtis L. Collier sentenced him to 78 months' imprisonment on each count, to be served concurrently, and two years of supervised release to follow. (Doc. 67 in Case No. 1:11-cr-93.) Petitioner appealed his conviction and sentencing, arguing that (1) the district court should not have accepted his waiver of conflict-free counsel, (2) his indictment was insufficient, (3) the evidence was insufficient, and (4) his sentence was substantively unreasonable. (Doc. 92 in Case No. 1:11-cr-93); *see also United States v. Cardin*, 577 F. App'x 546 (6th Cir. 2014). The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction and sentence. *Cardin*, 577 F. App'x at 547.

Petitioner then filed a motion under § 2255, which was denied in a decision ultimately reversed by the Sixth Circuit, though without regard to the substantive merits of the motion. *See Cardin v. United States*, 947 F.3d 373 (6th Cir. 2020). Petitioner has refiled his motion (Doc. 1 in Case No. 1:20-cv-82; Doc. 112 in Case No. 1:11-cr-93), which asserts his sentence should be vacated because (1) the indictment was flawed and (2) he received ineffective assistance of counsel with respect to his lawyer's trial performance and pretrial investigation. (*See also* Doc. 96-1, at 34–69 in Case No. 1:11-cr-93.)

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a

2

petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

#### A. Sufficiency of Indictment

The Sixth Circuit considered and rejected Petitioner's attack on the sufficiency of his superseding indictment because he "did not raise this argument before the district court," and "when the district court *sua sponte* questioned the sufficiency of the superseding indictment, Cardin's counsel did not object, make a motion, or take any other action to indicate that the defense found the superseding indictment defective." *Cardin*, 577 F. App'x at 554. While the claim is procedurally defaulted for that reason, even if the Court considered it on the merits, it would be unavailing. An indictment must set forth "a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion." Fed. R. Crim. P. 7(c)(1). Petitioner's superseding indictment set forth a factual overview of an alleged scheme to defraud the United States through its agency, the Tennessee Valley Authority ("TVA"), and then eight counts for violation of 18 U.S.C. §§ 1031 and 2, which asserted that Defendant intended to commit fraud by submitting false documents to TVA regarding injuries sustained by employees of entity Stone & Webster ("S&W"), Petitioner's employer, at particular nuclear power plant facilities on particular dates so that S&W could receive safety bonuses from

TVA.  (Doc. 24 in Case No. 1:11-cr-93.)  Petitioner does not explain how he has been prejudiced by the ostensibly insufficient indictment, and the Court sees no basis for concluding that the superseding indictment deprived him of "the right under the Sixth Amendment to fair notice of the criminal charge one will be required to meet, the right under the Fifth Amendment not to be placed twice in jeopardy for the same offense, and the right granted by the Fifth Amendment, and sometimes by statute, not to be held to answer for certain crimes except upon a presentment or indictment returned by a grand jury."  *United States v. Combs*, 218 F. App'x 483, 487 (6th Cir. 2007) (explaining that the rule governing indictments is designed to vindicate these rights).  Accordingly, this claim is without merit.

### B. Ineffective Assistance of Counsel

To collaterally attack his conviction based on ineffective assistance of counsel, a petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case."  *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  Courts "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  Even if it falls outside that range, the petitioner must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

Petitioner asserts, at bottom, that his lawyer was ineffective for failing to adequately cross-examine the Government's witnesses at trial or conduct a pretrial investigation.  The Sixth Circuit summed up the trial as follows:

> Cardin's jury trial lasted ten days.  During trial, the Government presented the testimony of over 50 witnesses.  The Government called almost 40 injured S & W employees and, through the testimony of a TVA agent, submitted evidence

4

> regarding almost 40 more injured S & W employees. In general, the Government
> presented evidence to show that the injuries to all of these S & W employees were
> "recordable" under OSHA standards,[1] that Cardin should have recorded them, and
> that, as a result, S & W should not have received the safety bonuses that it
> collected pursuant to its agreements with the TVA.

*Cardin*, 577 F. App'x at 550. Petitioner faults his counsel for not attacking the credibility of the Government's witnesses, but, as the Government points out, attempting to establish that several dozen individuals with no incentive to lie perjured themselves to help convict Petitioner is not obviously an optimal trial strategy. *See, e.g.*, *Hurley v. United States*, 10 F. App'x 257, 260 (6th Cir. 2001) (noting that whether and to what extent defense counsel decides to cross-examine a witness is a "trial strategy" that is "effectively insulated from review" in this context). Nor does Petitioner explain how further investigation would have revealed information leading to a different result. Indeed, even if defense counsel's cross-examination or independent-investigation decisions were unreasonable, Petitioner has not shown that they would have changed the outcome of the trial, and, in fact, all but conceded the opposite on appeal while represented by different counsel. *See Cardin*, 577 F. App'x at 550 n.2 ("On appeal, '[Cardin] concedes that all, or nearly all, of the injuries discussed during the trial were recordable.'" (alteration in *Cardin*) (quoting Petitioner's brief)). Accordingly, this claim is without merit.

## IV. CONCLUSION

Petitioner's motion to appoint counsel (Doc. 2 in Case No. 1:20-cv-82) is **DENIED**. Petitioner's § 2255 motion (Doc. 1 in Case No. 1:20-cv-82; Doc. 112 in Case No. 1:11-cr-93) is **DENIED** for the reasons above. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a

---

[1] Whether an injury was "recordable" impacted S&W's safety bonus.

constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**AN APPROPRIATE JUDGEMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**